**UNITED STATES of America, Plaintiff,**

v.

**James CODY, Defendant.**

**No. 70 Cr 31(1).**

United States District Court, E. D. Missouri, E. D.

Oct. 30, 1975.

Donald J. Stohr, U. S. Atty., St. Louis, Mo., for plaintiff.

Joseph Langworthy, Pacific, Mo., for defendant.

## MEMORANDUM AND ORDER

MEREDITH, Chief Judge.

Defendant in this cause on a plea of guilty was sentenced on March 30, 1970, to thirty months in the custody of the Attorney General for a violation of 18 U.S.C. 922(a)(6) and 924(a). The plea of guilty was set aside, defendant was tried by a jury, and found guilty, and again sentenced to thirty months in the

custody of the Attorney General. The case was affirmed on appeal. Defendant has served his sentence and he now brings a motion to set aside the conviction on the basis of newly discovered evidence.

The indictment in this cause charged that on or about January 10, 1970, in connection with the acquisition of a firearm, the defendant made a false statement in that he stated he had not been convicted of a crime, knowing that he had been convicted of a felony, to wit: on November 13, 1964, he was convicted of the crime of stealing property of the value of at least $50.00, and his punishment was assessed at five years.

The facts relating to his state conviction of stealing $50.00 are these: On November 13, 1964, in State of Missouri cause No. 4616, defendant was tried by a jury, which returned a verdict of guilty and assessed his punishment at five years in the penitentiary. Thereafter, on that same day in proceedings before the court, the court stated: ". . . I thought I would let the record show you a Motion for New Trial is filed and overruled." Attorney for the defendant: "I'll file the motion for New Trial." The Court: "You'll supply the record?" On the same day, defendant's attorney filed a motion for a new trial and filed a motion for an appeal. The defendant was granted allocution and the court stated: "Let the record show after allocution, the judgment and decree of this court is, the defendant be taken by the sheriff of this county and delivered to the warden of the State Penitentiary at Jefferson City, Missouri, where he will serve a period of five years at hard labor unless sooner discharged by law."

The defendant in this cause contends that since the judge did not actually overrule his motion for new trial and thereafter imposed a sentence, there was no conviction under the State of Missouri charge in case No. 4616. There was in effect at the time of this conviction a Missouri Supreme Court Rule 78.04, which is now Missouri Rule 78.08, which provided that when a motion for a new

trial is not passed on within ninety days after the motion is filed, it is denied for all purposes.

This Court is of the opinion that the state proceedings were a valid conviction of defendant James Cody and his motion to set aside the judgment and conviction in this case is denied.